JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 11-08723 MMM (FFMx) |
| | Date February 8, 2012 |

Title  *Aurora Loan Services, LLC v. Laura Palacios, and Does 1-5*

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

Proceedings:   Order Granting Plaintiff's Motion to Remand Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction[4]

## I. FACTUAL BACKGROUND

Plaintiff Aurora Loan Services, LLC ("Aurora") filed this unlawful detainer action in Los Angeles Superior Court against defendant Laura Palacios and certain fictitious defendants on June 22, 2011.[1] Palacios is the former owner of real property located at 6534 Ben Avenue, North Hollywood, California 91606 ("the property").[2] On June 6, 2011, the property was sold to Aurora at a foreclosure sale held pursuant to a deed of trust Palacios executed on or about January 2, 2006.[3] A Trustee's Deed upon Sale reflecting the sale to Aurora has been recorded in Los Angeles County.[4]

On June 17, 2011, Aurora allegedly served a written notice on Palacios requiring her to vacate

---

[1] Removal, Docket No. 1 (Oct. 21, 2011) ("October 21 Removal"), Exh. A ("Complaint").

[2] *Id.*, ¶ 2.

[3] *Id.*, ¶ 4.

[4] *Id.*

and deliver possession of the property to Aurora within three days.[5] Aurora asserts that Palacios refused to surrender possession of the property and that she continues in possession of it without Aurora's permission or consent.[6] It seeks possession of the property, as well as damages in the amount of $50.00 for each day from June 21, 2011 to the date of entry of judgment.[7]

Palacios first attempted to remove the case on October 3, 2011, filing a notice of removal and a request to proceed *in forma pauperis*.[8] Her request was denied by Judge Audrey Collins, who noted that there were procedural defects in the removal, that subject matter jurisdiction was lacking, and that "much of the narrative in the memorandum purporting to explain the removal is unintelligible."[9] On October 21, 2011, Palacios filed a second notice of removal, identical to the first.

Aurora moved to remand the action to Los Angeles Superior Court on November 21, 2011.[10] Palacios has not opposed the motion. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds the matter appropriate for decision without oral argument and vacates the hearing scheduled for January 13, 2012. As noted by Judge Collins, the removal is deficient in several respects. The court therefore grants plaintiff's motion.

## II. DISCUSSION

### A. Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court

---

[5]*Id.*, ¶ 6.

[6]*Id.*, ¶¶ 6-8.

[7]*Id.*, ¶ 9.

[8]Removal, Case No. CV 11-08187 UA, Docket No. 1 (Oct. 3, 2011); Request to Proceed *In Forma Pauperis* with Declaration in Support, Case No. CV 11-08187 UA, Docket No. 2 (Oct. 3, 2011).

[9]Order Re Leave to File Action Without Prepayment of Filing Fee, CV 11-8187 UA, Docket No. 2, (Oct. 13, 2011).

[10]Motion to Remand ("Motion"), Docket No. 4 (Nov. 21, 2011).

actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.   Defendant's Failure to File Timely Opposition

Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." CA CD L.R. 7-12. As noted, Palacios failed to oppose plaintiff's motion by the deadline set forth in the court's order and by the deadline established in the Local Rules. Under Rule 7-12, the court could grant plaintiff's motion on this basis alone. See *Cortez v. Hubbard*, No. CV 07-4556-GHK (MAN), 2008 WL 2156733, *1 (C.D. Cal. May 18, 2008) ("Petitioner has not filed an [o]pposition to the [m]otion and has not requested any further extension of time to do so. Pursuant to Local Rule 7-12, his failure to do so could be deemed to be consent to a grant of the [m]otion"); *Mack-University LLC v. Halstead*, No. SA CV 07-393 DOC (ANx), 2007 WL 4458823, *4 n. 4 (C.D. Cal. Sept. 25, 2007) (holding, where a party "failed to oppose or in any way respond" to a motion, that "[p]ursuant to local Rule 7-12, the [c]ourt could grant [p]laintiffs' [m]otion on this ground alone"); *Ferrin v. Bias*, No. ED CV 02-535 RT (SGLx), 2003 WL 25588274, *1 n. 1 (C.D. Cal. Jan. 2, 2003) ("Under Local Rule 7-12, failure to file an opposition may be deemed consent to the granting of the motion"). Nonetheless, the court reviews the merits of the motion below.

### C.   Whether the Court Has Federal Question Jurisdiction to Hear the Action

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach,"a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

There is no federal question apparent on the face of Aurora's complaint, which alleges only an unlawful detainer cause of action. See *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL*,* 2009 WL 5218006*,* *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint,

it is clear that no basis for federal question jurisdiction exists"). The notice of removal mentions a host of federal statutes including the Alien Tort Claims Act, the Federal Sovereign Immunities Act, 28 U.S.C. § 1359; it also references federal admiralty law and the Seventh Amendment.[11] Palacios does not articulate how any of the statutes or provisions is implicated by Aurora's claims and the court can discern no way in which any provides a basis for federal question jurisdiction here.

### D.  Whether the Court Has Diversity Jurisdiction to Hear the Action

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996). Aurora alleges that it is a Delaware limited liability company.[12] It does not, however, state the citizenship of its members. Like partnerships, limited liability companies are citizens of any state of which one of their members is a citizen. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens"). Palacios does not allege the citizenship of Aurora's members in her notice of removal. Aurora's complaint also does not plead Palacios' citizenship. In her answer, Palacios implies that she is a resident of California.[13] Allegations of residence are not adequate to establish that diversity jurisdiction exists. See *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) ("allegations of residence are insufficient to establish diversity jurisdiction," citing *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996) (it is well settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit")). See also *Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 774 (9th Cir. 1995) ("It is black letter law that, for purposes of diversity, '[r]esidence and citizenship are not the same thing,'" quoting *Mantin v. Broadcast Music, Inc.*, 244 F.2d 204, 206 (9th Cir.1957)). Because Palacios has failed to allege the citizenship of Aurora's members, and has failed to allege her own citizenship, the court cannot determine whether this prerequisite to diversity

---

[11] October 21 Removal at 2-5.

[12] *Id.*, ¶ 1.

[13] Motion to Remand ("Motion"), Docket No. 4 (Nov. 21, 2011) (Verified Answer to Complaint for Unlawful Detainer ("Answer"), at 2 (referencing paragraph 2 of the complaint, which alleges that "[t]he real property . . . is situated in Los Angeles County, California. . . ," and stating: "Defendant admits . . . paragraph 2 only as to her residence status herein. . .")).

jurisdiction is satisfied.

Further, 28 U.S.C. § 1441(b) states: "Any . . . action [other than one involving a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See *Apelian v. United States Shoe Corp.*, 664 F.Supp. 1370, 1371 (C.D. Cal. 1987) ("an action can be removed to federal court based on diversity of citizenship only if none of the defendants . . . are citizens of the state in which the federal court is located." See also *Lewis*, 519 U.S. at 68 (in a case filed in state court over which "the federal district court [would have diversity jurisdiction] the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought,' 28 U.S.C. § 1441(b)"). If Palacios is a California citizen, as her answer suggests, she could not invoke the court's diversity jurisdiction.

Even if there were complete diversity of citizenship, moreover, Palacios has not met her burden of demonstrating that the amount in controversy exceeds $75,000. "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 1000 (9th Cir. 2007)).

As evidence that the amount in controversy requirement is satisfied, Palacios offers only the conclusory, unsupported statement that "the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs."[14] She proffers no evidence or even allegations corroborating this assertion. It is clear, moreover, from other information in the record that the amount in controversy does not meet the jurisdictional threshold. Plaintiff seeks damages of $50 a day from June 21, 2011 through the date of entry of judgment. It alleges that its damages do not exceed $10,000, and it filed the action as a limited civil case.[15] See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $ 25,000 as limited civil cases). Given these allegations that the amount in controversy does not exceed $75,000, and Palacios' failure to provide any evidence to the contrary – much less evidence to a legal certainty – the court concludes that the amount in controversy requirement is not met. See *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, *2 (N.D. Cal. Oct. 4, 1999) (stating that in evaluating the amount in controversy, "the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy"); see also *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied," citing *Gaus*, 980 F.2d at 566–67).

Accordingly, the court finds that there is no basis for exercising diversity jurisdiction over this action.

---

[14] October 21 Removal at 2.

[15] Complaint at 1.

6

### III.  CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.  Here, Palacios has failed to carry this burden.  Her notice of removal fails to identify a federal question raised by the complaint, and fails to allege an amount in controversy exceeding $75,000.[16]  For the reasons stated, the clerk is directed to remand this case to Los Angeles Superior Court forthwith.

---

[16] Aurora also argues that the removal was not timely filed.  Parties seeking to remove must comply with certain procedural mandates.  Among these is a requirement that a notice of removal be ". . . filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]. . . ."  28 U.S.C. § 1446(b); see *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  Aurora filed its action on June 22, 2011.  While there is evidence as to when Palacios was served, service must have preceded June 30, 2011, the date she answered the complaint.  Palacios did not remove the action until October 21, 2011, some one hundred thirteen days after she answered the complaint.  Thus, her removal was clearly untimely under 42 U.S.C. § 1446.  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction[, however,] must be made within 30 days after the filing of the notice of removal under section 1446 (a)."  28 U.S.C. § 1447(a).  Aurora filed a motion to remand on November 21, thirty-one days after October 21, 2011.  The thirtieth day, however, fell on a Sunday, thus making Aurora's motion to remand timely.  See, e.g., *Albarado v. Southern Pacific Transp. Co.*, 199 F.3d 762, 764 n. 3 (5th Cir. 1999) ("The Rail Carriers" notice of removal was filed on March 6, 1998, and the plaintiffs' motion to remand was filed on April 6, 1998.  Though 31 calendar days elapsed before the motion to remand was filed, the thirtieth day following March 6, 1998 fell on Sunday, April 5, 1998, and thus, the motion for remand, having been filed on the next non-holiday weekday was timely. See Fed.R.Civ.P. 6").  The fact that Palacios' notice of removal was untimely therefore also provides a basis for remand.